## In re WHITTAL.

(Supreme Court, Appellate Division, First Department. January 21, 1898.)

APPEAL FROM SURROGATE—REVIEW.

Upon appeal from an order of the surrogate's court denying an application by an assignee of a legacy to compel executors to pay the same, the appellate court cannot pass on the question of the surrogate's power, under Code Civ. Proc. § 2722, to grant such relief to an assignee, unless it is made to appear in the order or decree that the denial was upon the ground of want of power.

Appeal from surrogate's court.

In the matter of the application of Matthew J. Whittal to compel payment to him of the legacy of Ann M. Rice contained in the will of Mary A. Edson, deceased. The application was made under Code Civ. Proc. § 2722. From an order of the surrogate refusing the same on the ground that the proceedings provided for could not be maintained by another assignee, petitioner appeals. Affirmed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, PATTERSON, and O'BRIEN, JJ.

Everett V. Abbot, for appellant.
Philip S. Dean, for respondent.

PER CURIAM. It does not appear from the order that the denial was upon the ground of want of power. If we are to decide the questions discussed at the bar, the grounds stated in the opinion of the learned surrogate must, in some form, appear in his order or decree. The appellant should be afforded an opportunity of having those grounds embodied in an order. We will therefore affirm the present order, with costs, without prejudice to a renewal of the application before the surrogate.